**In re Herman Loraine BAIRD, Debtor.**

**Planters & Growers Golden Leaf Warehouse, a partnership, Plaintiff,**

**v.**

**Herman Loraine Baird, Defendant.**

**Bankruptcy No. 96–75437.**

**Adversary No. 97–80112.**

United States Bankruptcy Court, D. South Carolina, Columbia Division.

Oct. 1, 1997.

Larry G. Reddeck, Lake City, SC, for plaintiff.

A. Paul Weissenstein, Jr., Sumter, SC, for defendant.

### ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the adversary Complaint of Creditor Planters and Growers Golden Leaf Warehouse ("Planters"), seeking a determination of non-dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A).[1]

After receiving testimony and evidence at the hearing in this matter on September 11, 1997 and considering the same, the Court makes the following Findings of Facts and Conclusions of Law.

### *FINDINGS OF FACTS*

1. On August 5, 1996, the Debtor filed a voluntary Chapter 7 Bankruptcy Petition.

---

1. Further references to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.* shall be by section number only.

2. On March 6, 1997 the Plaintiff, Planters, filed this Adversary Complaint seeking to except from discharge, a Twenty Thousand and No/100 ($20,000.00) Dollar debt based on a promissory note pursuant to § 523(a)(2)(A).

3. The Debt arises from a December 29, 1995 loan in the principal amount of Twenty Thousand and No/100 ($20,000.00) Dollars from Planters on December 29, 1995. The loan was to be secured loan with a UCC 1 Financing Statement to be filed against the Debtor's 1996 tobacco crop. However, the Debtor did not plant a tobacco crop in 1996 and the loan became unsecured.

4. According to the Debtor's testimony, he mailed letters to the landlords of the tobacco allotments and farms which he leased in 1995 stating that he would not be farming in 1996 and therefore did not need to lease their farms.

5. In previous years, the Debtor had sold tobacco with Planters and had also borrowed money on the same basis. The Debtor borrowed money for the 1995 crop year beginning at the end of December of 1994 and sold over 192,000 lbs. of tobacco for a total sum of Three Hundred Twenty–Eight Thousand One Hundred Sixty–Four and 86/100 ($328,164.86) Dollars in 1995.

6. When the subject loan was made to Mr. Baird in December of 1995, he deposited the money in the account of Baird Farms, Inc., and at that time, made a payment to Pee Dee Farm Credit on a debt secured by a mortgage to Pee Dee Farm Credit on real property which he and his wife owned.

7. The Debtor allowed his general liability policy for his farming operations to expire on October 21, 1995 and the policy was not renewed until February of 1996.

8. At the § 341 Meeting of Creditors, the Debtor testified that he ceased farming operations on December 15, 1995.

9. It is uncontroverted that the Debtor did not farm in 1996 and did not repay the loan to Planters.

### CONCLUSIONS OF LAW

The complaint by the Plaintiff is brought pursuant to § 523(a)(2)(A) which provides as follows:

(a) A discharge under § 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

........

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtors or an insiders financial condition; ...

11 U.S.C. § 523(a)(2)(A). The Bankruptcy Court for the Middle District of North Carolina has recently reiterated the general test for these type of dischargeability proceedings.

Courts generally agree that the following traditional elements of fraud must be proven to sustain a claim under § 523(a)(2)(A): (1) That the debtor made a representation; (2) That at the time the representation was made, the debtor knew the representation was false; (3) That the debtor made the false representation with the intention of deceiving the creditor; (4) That the creditor relied on such representation; and (5) That the creditor sustained the alleged loss and damage as the proximate result of the false representation. E.g., In re Valdes, 188 B.R. 533, 535 (Bankr.D.Md.1995), In re Carrier, 181 B.R. 742, 746 (Bankr.S.D.N.Y. 1995). As to the reliance requirement, § 523(a)(2)(A) requires justifiable, but not reasonable reliance. Field v. Mans, 516 U.S. 59, 73, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995); In re Burdge, 198 B.R. 773 (9th Cir. BAP 1996). The objecting creditor has the burden of proving each of the foregoing elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), In re Stanley, 66 F.3d 664, 667 n. 4 (4th Cir.1995).

In re Simos, 209 B.R. 188 (Bkrtcy.M.D.N.C. 1997).

The primary basis for Planters' allegations are that the Debtor agreed to secure the loan by crops that were to be planted in 1996 but at the time these representations were made to Planters, the Debtor knew that he would not be planting during that year.

A creditor may prove, by circumstantial evidence, a fraudulent intent for the purposes of the discharge exception for false pretenses, fraud and false representation. *In re Arlington,* 192 B.R. 494 (Bkrtcy. N.D.Ill.1996). While the intent to deceive a creditor, within the meaning of the discharge exceptions for debt obtained by false representations may not be presumed, the totality of the circumstances may lead to the inference that the requisite degree of intent to deceive was present. *Matter of Richmond,* 29 B.R. 555 (Bkrtcy.M.D.Fla.1983).

Based upon the totality of the circumstances; the allowed expiration of the Debtor's farm liability policy, the fact that the Debtor never farmed in 1996, the testimony of the Debtor at the § 341 Meeting of Creditors that he ceased farming on December 15, 1995, and, within twelve (12) days after obtaining the loan from Planters, and finally the Debtor's notification to numerous landlords that he would not be leasing their tobacco allotment and land all lead this Court to conclude that Debtor made a misrepresentation that he would be farming in 1996, that at the time the Debtor made the representation he knew this representation was false, that the Debtor made this misrepresentation with the intention and purpose of deceiving the creditor into making the loan, and that the creditor sustained loss and damage as the proximate result of the misrepresentation.

As to whether Planters justifiably relied upon the representation, the Court begins by looking to the Debtor's Answer wherein the Debtor admitted that Planters relied on, and had a right to rely on, the Debtor's representations. Looking to the past course of dealing between the Debtor and Planters, coupled with the clear representation by the Debtor that the debt would be secured by a tobacco crop and paid when the tobacco was sold with Planters, which representation included the Debtor's promised delivery of the UCC–1 Financing Statement, Planters' reliance appears to be justified. For all of these reasons, the Court finds that Planters has met its burden of proof pursuant to § 523(a)(2)(A).

The underlying note also provides for reasonable attorney's fees and costs. Counsel for the Plaintiff has submitted an affidavit claiming actual legal fees in the amount of $10,790.00 and costs in the amount of $777.42. Considering that the preparation for this matter included attendance at a lengthy § 341 meeting and Rule 2004 examination and that the trial involved several witnesses including the cross-examination of the Debtor, the attorney's fees and costs sought by Counsel for the Plaintiff appear reasonable. For all of these reasons, it is therefore

**ORDERED,** that judgment be entered against the Debtor, Herman Loraine Baird, in favor of the Plaintiff, Planters & Growers Golden Leaf Warehouse, in the principal amount of $20,000.00, pre-petition interest in the amount of $1,458.54, reasonable attorney's fees in the amount of $10,790.00 and costs in the amount of $777.42. It is further

**ORDERED,** that Planters & Growers Golden Leaf Warehouse is entitled to judgment against the Debtor in the aggregate amount of $33,025.96 and such shall be nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

**AND IT IS SO ORDERED.**